IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ABA-24-310 |
| | * | |
| MICHAEL SAM TEEKAYE, JR., | * | |
| | * | |
| Defendant. | * | |

*******

**GOVERNMENT'S CONSENT MOTION
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, hereby submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and states as follows:

1. On October 15, 2024, U.S. Magistrate Judge Erin Aslan issued a criminal complaint charging the defendant, Michael Sam Teekaye, Jr., with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.[1] ECF 1. Teekaye had his initial appearance that same day, and he was ordered detained by agreement. ECF 3, 7.

2. On October 24, 2024, a federal grand jury in the District of Maryland returned an Indictment charging Teekaye with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and one count of assaulting a federal officer, in violation of 18 U.S.C. § 111. ECF 11.

3. Teekaye had an initial appearance on the indictment on October 30, 2024. ECF

---

[1] A corrected complaint was issued by Judge Aslan on October 18, 2024 and was docketed on October 31, 2024. *See* ECF 1-2.

1

14. Also on October 30, 2024, the parties had a discovery conference and discussed categories of discovery and a timetable for production.

4. On November 4, 2024, the court granted the parties' consent motion to exclude the time from October 30, 2024 through November 22, 2024 from the Speedy Trial Act computation. ECF 18.

5. On November 7, 2024, the government made an initial discovery production of over 8 gigabytes of data (Discovery Production #1), which included subpoena returns, pen register data, search warrant returns for Teekaye's Instagram account, and audio and video recordings of Teekaye's arrest and interview. The government also requested reciprocal discovery under Rule 16.

6. On November 19, 2024, the government made a second discovery production of close to one terabyte of data (Discovery Production #2), consisting of forensic extractions of a cell phone, laptop computer, and thumb drive recovered from Teekaye's personal belongings and residence on or about October 14, 2024.

7. On November 26, 2024, the government made a third discovery production of roughly 5 gigabytes of data (Discovery Production #3), which consisted of subpoena returns from the Maryland Aviation Administration containing video footage of Teekaye at the Baltimore/Washington International Airport.

8. Also on November 26, 2024, the court granted the parties' consent motion to toll the speedy trial clock for an additional 60 days, through January 21, 2025. ECF 28.

9. On December 5, 2024, the government made a fourth discovery production of over one terabyte of data (Discovery Production #4), which consisted of search warrant returns for Teekaye's Apple iCloud account. (The government also re-produced Discovery Production

#2, which the defense paralegal had accidentally deleted due to a misunderstanding.)

10. On December 6, 2024, the government made a fifth discovery production (Discovery Production #5), which consisted of roughly 40 jail calls made from Teekaye's account at the pretrial detention facility where he is housed.

11. On December 10, 2024, the government made a sixth discovery production of roughly 535 gigabytes of data (Discovery Production #6), which consisted of pole camera footage from the vicinity of Teekaye's home.

12. On December 23, 2024, the government made a seventh discovery production (Discovery Production #7) that included the bulk of the case reporting by the Federal Bureau of Investigation (FBI), as well as the bulk of the conversations between Teekaye and undercover officers pertinent to the case.

13. On January 17, 2025, the court granted the parties' consent motion to toll the speedy trial clock for an additional 60 days, through March 21, 2025.  ECF 32.

14. On February 19, 2025 and March 5, 2025, the government made eighth and ninth productions of discovery (Discovery Productions #8 and #9) consisting of additional case reporting by the FBI, as well as additional (audio) conversations between Teekaye and an undercover officer pertinent to the case.

15. On March 20, 2025, the court granted the parties' consent motion to toll the speedy trial clock for an additional 60 days, through May 19, 2025.  ECF 37.

16. On April 28, 2025, the government made a tenth production of discovery (Discovery Production #10) that included FBI reports post-dating Teekaye's arrest on October 14, 2024 and other Instagram account records collected more recently.

17. On May 8, 2025, the court granted the parties' consent motion to toll the speedy

trial clock for an additional 90 days, through August 19, 2025. ECF 40.

18. On May 13, 2025, the parties met for a "reverse proffer," and government counsel presented defense counsel with highlights of the evidence supporting the charges. The parties also discussed a possible plea agreement.

19. On May 20, 2025, the government made an eleventh production of discovery (Discovery Production #11) that included additional FBI and Howard County Police Department reports.

20. On June 9, 2025, the government filed an *ex parte* motion for a protective order regarding certain classified materials pursuant to the Section 4 of the Classified Information Procedure Act and Federal Rule of Procedure 16(d). ECF 44.

21. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

22. The Act excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice"; "[w]hether the case is so unusual or complex …that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits …"; or whether failure to grant a

continuance "would unreasonably deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv).

23. In addition, the 70-day period within which trial must commence excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" "delay resulting from any pretrial motion" or "delay resulting from consideration by the court of a proposed plea agreement." *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Hart*, 91 F. 4th 732 (4th Cir. 2024) (although time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, it may be excluded based on an ends-of-justice finding by the court).

24. This is a complex case involving allegations of the attempt to provide material support to a foreign terrorist organization. The discovery is voluminous and includes, but is not limited to, law enforcement reports dating back to 2019, digital communications, social media account records, forensic extractions of a cell phone and other electronic devices, audio and video recordings, and pole camera footage. Defense counsel have been working diligently to review and familiarize themselves with the voluminous discovery produced to date.

25. The parties agree that defense counsel need additional time to review and familiarize themselves with the voluminous discovery in this complex case and to confer with the defendant regarding the discovery and possible defenses.

26. In addition, the parties have been discussing the potential of resolving the case short of trial. A plea agreement would serve the ends of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

27.     Finally, one of Teekaye's defense attorneys, Ms. Francik, has been on maternity leave since on or about June 2, 2025. Based on Ms. Francik's familiarity with the case and the relationship she has developed with Teekaye, the parties agree that it would be in Teekaye's best interest to defer any trial until after she returns from maternity leave. (The parties also agree, however, that Teekaye's other defense attorney, Ms. Frezzo, is fully capable of representing Teekaye while Ms. Francik is on leave.)

28.     Based on the foregoing, the parties submit that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed above, the grounds for a reasonable continuance include the need to allow additional time for defense counsel to review and familiarize themselves with the extensive discovery in this complex case and to confer with the defendant regarding the discovery and possible defenses; and the need to allow additional time for the parties to pursue plea negotiations.

29.     Accordingly, the parties request that the calculations under the Speedy Trial Act of the time in which the trial in this case must commence exclude the additional 45-day period from August 19, 2025, through and including October 6, 2025 (resulting in a total exclusion from October 30, 2024, through and including October 6, 2025).

30.     Counsel for the Defendant consent to this motion and proposed order.

WHEREFORE, the government respectfully requests that this Court enter an order excluding from speedy trial calculations the period from **October 30, 2024, through and including October 6, 2025**. A proposed order is attached for the Court's consideration.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Christina A. Hoffman
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201


FILED VIA ECF-MD